**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH CAMMARATA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN V. DONNELLY, III, et al.,<br><br>Defendants. | Civil Action No. 24-1000 (ZNQ) (JBD)<br><br>**OPINION** |

**QURAISHI, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Joseph Cammarata's Complaint. (Compl., ECF No. 1.) As Plaintiff is a federal prisoner who seeks redress from the employees of a governmental entity, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A and dismiss any claim which is frivolous, malicious, fails to state a claim for which relief may be granted, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint shall be dismissed in its entirety. Because the Complaint shall be dismissed at this time, Plaintiff Joseph Cammarata's Emergency Ex-Parte Motion for a Temporary Restraining Order Enjoining a Cease and Desist from Liquidation of Irreplaceable Assets and Causing Irreparable Damage, Ahead of Pending Appeals and Petitions Before the Third Circuit Court of Appeals ("Temporary Restraining Order" ("TRO")) ("TRO Motion" ECF No. 7) shall also be denied without prejudice as moot.

**I.      BACKGROUND**

In November 2021, Plaintiff was taken into custody on criminal charges and appeared at a bail hearing in Miami related to a criminal fraud indictment filed against him in the Eastern District of Pennsylvania. (Compl., at 1–2.) That same day, SEC attorneys sought a temporary restraining order in Philadelphia, seeking to freeze certain assets of Plaintiff as part of an SEC enforcement action. (*Id.*) Plaintiff alleges he was not properly served with notice of the TRO hearing prior to its occurrence. (*Id.*) These actions, Plaintiff argues, were the onset of a criminal conspiracy of various SEC and DOJ employees designed to rob him of his possessions. (*Id.*) Through these allegations, Plaintiff now seeks to use his current complaint as a means to challenge various occurrences during the SEC enforcement proceedings and his own criminal tax trial which he believes amount both to criminal extortion and violations of securities law and his Due Process rights. (*Id.*) Plaintiff was ultimately convicted of conspiracy and wire fraud charges before the Eastern District of Pennsylvania, for which he received a 120-month sentence, and tax evasion charges in this District for which he received a 72-month term of imprisonment he is currently serving. (*See* Docket No. 22-639, at ECF No. 150.) Plaintiff's appeals of those sentences are currently pending. (*See* Third Circuit Docket Nos. 23-2110 and 24-1983.) Throughout the course of his complaint, Plaintiff asserts that Defendants—which include a federal judge, federal prosecutors, an SEC attorney, and two arms of the United States Government conspired to deprive him of due process, used a securities enforcement action to freeze his accounts to permit the Government to recover restitution and other monetary damages after his criminal trial, denied him attorney of choice by preventing the hiring of a competent attorney through asset freezes, showed bias against him in proceedings, presented false or misleading testimony and arguments to the Court, and pressured him to sell other assets at a reduced value to pay for an appellate attorney. (*Id.*, at 2–32.) Plaintiff largely relies on his disagreement with the evidence, testimony, and facts

2

presented in his trials and the enforcement proceeding to support these allegations. (*Id.*) Based on these allegations, Plaintiff raises two claims explicitly—a claim for securities fraud in violation of Rule 10b-5, and a Hobbs Act extortion claim. (*Id.*, at 30–31.)

## II.  LEGAL STANDARD

Because Plaintiff is a prisoner who seeks redress from employees of governmental entities, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his Complaint, Plaintiff expressly raises only two grounds for relief – a securities fraud claim against Defendants brought pursuant to Rule 10b-5 and a claim of Hobbs Act extortion, purportedly raised pursuant to 18 U.S.C. § 1951(b)(2). As the Hobbs Act is a federal criminal statute, and there is no implied or explicit private right of action available under the Act, Plaintiff may not raise a claim through it. *See, e.g., Standard v. Nygren*, 658 F.3d 792, 794 (7th Cir. 2011) (claim raised by a private party under the Hobbs Act is "obviously frivolous" as the statute does not provide a private right of action); *Peterson v. Philadelphia Stock Exchange*, 717 F. Supp. 332, 336 (E.D. Pa. 1989) (the Hobbs Act provides only for criminal sanctions in a government initiated prosecution, it does not contain an express or implied right of action for private parties). Plaintiff's Hobbs Act extortion claim must therefore be dismissed with prejudice.

The Court next notes that Plaintiff has named as a Defendant in this matter Judge Chad Kenney of the Eastern District of Pennsylvania. All of Plaintiff's claims against Judge Kenney arise out of his role as a judge overseeing Plaintiff's criminal and SEC enforcement proceedings in the Eastern District of Pennsylvania which Plaintiff now alleges were violative of his rights. Federal judges, however, are absolutely immune from suit for actions taken in their judicial capacity unless they act in the "clear absence of all jurisdiction." *See, e.g., Kwasnik v. Leblon*, 228

4

F. App'x 238, 243 (3d Cir. 2007); *see also Mireles v. Waco*, 502 U.S. 9, 12 (1991). As Plaintiff alleges that Judge Kenney oversaw proceedings over which he did not clearly lack any and all jurisdiction, it is clear that Judge Kenney is absolutely immune for his alleged part in the actions Plaintiff alleges. Judge Kenney must therefore be dismissed from this matter with prejudice.

Plaintiff also names as Defendants in this matter both the Securities Exchange Commission and the Department of Justice. As arms of the United States Government, these bodies are generally entitled to sovereign immunity, and this Court lacks jurisdiction to hear claims against them absent a clear and unambiguous waiver of that immunity by Congress. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 475 (1995); *Gentile v. Securities & Exchange Comm.*, No. 19-5155, 2019 WL 2098832, at *3 (D.N.J. May 14, 2019) (SEC generally entitled to sovereign immunity, plaintiff generally cannot collaterally challenge SEC actions through separate civil suits); *see also Rolle v. Essex Cnty. Corr. Facility*, No. 21-15198, 2022 WL 1044968, at * 3 (D.N.J. Apr. 7, 2022). Because Plaintiff has not asserted any basis for evading sovereign immunity in this matter, and this Court is aware of no such basis, his claims against the DOJ and the SEC shall be dismissed without prejudice at this time. Should Plaintiff seek to reraise his claims against them, he must clearly raise a proper basis for finding a waiver of immunity sufficient to support such a claim.

Of the remaining Defendants, Plaintiff names John Donnelly, the SEC attorney responsible for his SEC enforcement and TRO hearings, Assistant United States Attorneys David Ignall and Paul Shapiro who prosecuted him, and United States Attorney Jaqueline Romero. Plaintiff claims against these Defendants arise out of their actions in filing, pursuing, and prosecuting Plaintiff's criminal charges, as well as Donnelly's filing, pursuing, and enforcing Plaintiff's SEC enforcement proceedings. Prosecutors, however, are immune from suit for actions taken in connection with their role in initiating and pursuing criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). SEC enforcement

attorneys are likewise entitled to immunity to acts taken in filing, pursuing, and prosecuting enforcement actions for violations of federal securities law within the SEC's purview. *See, e.g., Knight v. U.S. Securities & Exchange Comm.*, No. 09-15, 2009 WL 10701807, at *8 (E.D.N.Y. Dec. 16, 2009); *see also Zanford v. Nat'l Assoc. of Securities Dealers, Inc.*, 30 F. Supp. 2d 1, 15 (D.D.C. 1998), *aff'd*, 221 F.3d 197 (D.C. Cir. 2000). Thus, the individual Defendants are entitled to immunity as all of Plaintiff's allegations of wrongdoing appear to clearly arise out of their role in initiating, pursuing, and prosecuting his two criminal actions and the SEC enforcement action.

Turning to Plaintiff's Rule 10b-5 securities fraud claim, Plaintiff essentially asserts that Defendants, all government agencies and their employees, forced him into the sale of some of his security assets through fraudulent information provided to the courts during his criminal prosecution. A private claim under Rule 10b-5 and § 10b of the Exchange Act has "six elements: (i) a misrepresentation or omission of material fact; (ii) *scienter*; (iii) a connection with the purchase or sale of a security; (iv) reliance; (v) economic loss; and (vi) loss causation." *City of Warren Pol. & Fire Retirement Syst. V. Prudential Financial, Inc.*, 70 F. 4th 668, 679 (3d Cir. 2023). Even if Defendants were not entitled to immunity, all of the alleged false statements Plaintiff identifies in his complaint arose in the context of the criminal and enforcement actions – they were not made in connection with the purchase or sale of a security. It would thus appear that Plaintiff fails to state a claim under Rule 10b-5 at this time. That Plaintiff's assets lost value while subject to government control does not render the allegedly false statements, most of which amount to Plaintiff's disagreement with the outcome of his civil and criminal matters involving Defendants, statements made in connection with the purchase or sale of securities.

In addition to his explicitly raised claims, Plaintiff also appears to be asserting that, throughout the course of his criminal case, Defendants conspired to use securities law and his prosecution to deny him his right to counsel under the Sixth Amendment and his right to Due

Process under the Fifth Amendment in various ways such as depriving him of necessary funds to hire counsel, or by suborning perjury or providing misleading or fraudulent evidence to the court. To the extent these allegations had any merit, they would clearly be barred by the doctrine announced in *Heck v. Humphries*, 512 U.S. 477, 486-87 (1994). Pursuant to that doctrine, a prisoner may not use a civil rights claim to attack, directly or indirectly, his conviction or sentence, regardless of whether his claim seeks monetary or injunctive relief. *Id.* A prisoner's claim is thus barred by the rule "absent [the] prior invalidation [of his conviction]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ([government] conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of [his] confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If Plaintiff demonstrated a meritorious claim demonstrating that he was denied Due Process in his criminal proceedings or was denied his Sixth Amendment right to relief, such a meritorious claim would directly imply the invalidity of his criminal conviction and resulting sentence. Petitioner's Due Process and Sixth Amendment claims related to his criminal case are therefore *Heck* barred and must be dismissed without prejudice at this time.

Petitioner also appears to be attempting to raise malicious prosecution claims related to his two criminal prosecutions. The *sine qua non* of a malicious prosecution claim, however, is that the challenged criminal proceedings terminated in the Plaintiff's favor. *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). As Plaintiff's prosecutions resulted in his convictions, and those convictions have not been overturned, his malicious prosecution claims must fail and be dismissed without prejudice at this time.

Plaintiff also appears to be asserting that he was denied Due Process when he did not receive proper notice or opportunity to contest his initial SEC TRO hearing in November 2021.

Assuming that such a claim could state a civil rights claim,[1] the statute of limitations for such claims in New Jersey is two years. *See Fisher v. Hollingsworth*, 115 F.4th 197, 213-14 (3d Cir. 2024). As it appears Plaintiff was immediately aware of the outcome of that hearing once his assets were frozen in 2021, his limitations period would therefore have expired on this claim in Fall of 2023, several months before he filed this action. Absent a basis for tolling, which this Court does not perceive from the face of the complaint, any Due Process claim related to that November 2021 TRO hearing is time barred, and must be dismissed without prejudice at this time. *Id.*

While it is not clear from the Complaint, Plaintiff may also be seeking to raise a false arrest claim related to his arrest prior to his bail hearing on November 8, 2021. To the extent he could raise such a claim, it accrued at the latest at his bail hearing, which predates this matter by more than two years. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). As this Court perceives no basis to toll the two-year limitations period applicable to that claim, any false arrest claim, too, appears to be time barred and must be dismissed without prejudice at this time. As all of Plaintiff's claims shall be dismissed, Plaintiff's Complaint shall be dismissed in its entirety.

---

[1] Civil rights claims against federal actors arise out of the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In recent years, the Supreme Court has severely curtailed the *Bivens* remedy, limiting it to those areas in which the Supreme Court has previously recognized its applicability – namely warrantless searches in violation of the Fourth Amendment, Fifth Amendment claims related to employment sexual harassment, and a denial of medical care to incarcerated prisoners – and permitting the expansion into new classes of claims only where there is not "any reason to think Congress might be better equipped to create a damages remedy." *See Fisher*, 115 F.4th at 204-06. As there is good reason to believe Congress is better suited than the Court to expand the *Bivens* remedy into the Due Process contexts Petitioner appears to be raising, it is doubtful that this Court would be able to expand the *Bivens* remedy to cover the constitutional claims Petitioner now raises. *Id.* at 205 (where a claim presents a new context apart from the three previously recognized by the Supreme Court, the "newness of . . . [the] context . . . alone require[s] dismissal" of the claim as Congress is virtually always better suited to create a damages remedy if it so chose).

Finally, the Court notes that Plaintiff has filed a TRO Motion. (TRO Mot., ECF No. 7.) Because Plaintiff's Complaint shall be dismissed at this time, that motion is denied without prejudice as moot. Should Plaintiff file an amended complaint, he may file a new TRO motion at that time.

**IV.   CONCLUSION**

For the reasons expressed above, Plaintiff's Complaint (Compl., ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety, and Plaintiff's TRO Motion (TRO Mot., ECF No. 7) is **DENIED WITHOUT PREJUDICE AS MOOT** in light of the dismissal of the complaint. An order consistent with this Opinion will be entered.

Date: January 14, 2025

                                                s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**